UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-0118-B |
| VANNALY KHOUNLO, AND/OR ALL OCCUPANTS OF 5161 Elm Cir., Dallas, Texas, 75211 | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Federal Home Loan Mortgage Corporation's Motion to Remand (doc. 3), filed January 20, 2010. Having reviewed the Motion and the filings in this case, the Court finds that it should be and hereby is **GRANTED.**

### I.

### BACKGROUND

This is a forcible detainer action brought by Federal Home Loan Mortgage Corporation ("FHLMC") against Vannaly Khounlo and others ("Defendants"). FHLMC seeks to evict Defendants from the property at 5161 Elm Circle, Dallas, TX, 75211 ("Property"). FHLMC alleges it acquired ownership of the Property through a foreclosure sale, and that Defendants have committed forcible detainer by continuing to occupy the Property after it was sold. (Pl.'s Mot. Remand ¶¶4-7.) This case was initially filed on July 21, 2010 in the Justice of the Peace Court, Precinct 5, Place 2, Dallas County, Texas. Defendant Vannaly Khounlo filed for bankruptcy on

September 16, 2010 and FHLMC filed a Motion for Relief from the Automatic Stay on September 22, 2010. (App. to Def.'s Notice of Removal Ex. H). The Bankruptcy Court lifted the automatic stay in favor of FHLMC on October 15, 2010, allowing it to proceed with this action. (*Id.*)

The JP Court granted judgment for FHLMC, and Defendants appealed the decision to Dallas County Court at Law Number 1, Dallas County, Texas. Trial was set for January 20, 2011, and Defendants removed the action to this Court on January 19, 2011. Removal is based solely on diversity jurisdiction.

## II.

## LEGAL STANDARDS

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-1332. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Furthermore, a case may be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)

The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). If at any point during the course of litigation "it appears that the [federal] district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal district court therefore has a right and a duty to raise jurisdictional issues *sua sponte*. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 n.5 (5th Cir. 2005).

## III.

## ANALYSIS

In their Notice of Removal, Defendants assert that diversity jurisdiction exists because the parties are from different states, and because the amount of controversy exceeds $75,000. The Court disagrees.

In their petition for removal, the Defendants assert they are residents of Texas. (Def.'s Notice of Removal 3.) Removal is prohibited where any Defendant is a citizen of the state in which the action is brought. 28 U.S.C. §1441(b). Because the Defendants are citizens of Texas and the action was brought in Texas, the Court lacks jurisdiction over this matter and must remand the case to state court.

Additionally, the Defendants assert the amount in controversy requirement is met because the fair market value of the Property is $116,480. However, in a forcible detainer action, the amount in controversy is not determined by the value of the property but by the value of the right to occupy the property. *See, e.g.*, *Federal Nat'l Mortg. Assoc. v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *5 (N.D. Tex. Nov. 16, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038-L, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010); *Wells Fargo Bank v. Jones*, No. 3:10-CV-758-L, 2010 WL 3304240, at *2 (N.D. Tex. Aug. 19, 2010); *JPMorgan Chase Bank, N.A. v. Coleman*, No. G-06-688, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007). The Defendants failed to present evidence establishing the rental value of the Property, which is certain to be much less than the Property's fair market value. The Defendants have failed to meet their burden with respect to the amount in controversy and the case must be remanded to state court.

## IV.

## CONCLUSION

Because the Defendants fail to assert a proper basis for federal jurisdiction over this action, the case is hereby **REMANDED** to the court from which it was removed, Dallas County Court at Law Number 1, Dallas County, Texas.

**SO ORDERED.**

**DATED January 25, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE